1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3    CARLOS RUIZ,                                    Case No. 2:23-cv-00427-GMN-VCF

4                              Plaintiff,                          ORDER

5         v.

6    KHEILA BRICE, *et al.*,

7                              Defendants.

8

9         Plaintiff has filed a motion for appointment of counsel. (ECF No. 7.) In his motion,

10   he argues that the issues in the case are complex, he is unable to afford counsel, and he

11   currently suffers from glaucoma in both his eyes. (*Id.* at 2-3.)

12        A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. §

13   1983 civil rights claims.   *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

14   Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any

15   person unable to afford counsel."   However, the court will appoint counsel for indigent

16   civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970

17   (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances'

18   exist, a court must consider the likelihood of success on the merits as well as the ability

19   of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

20   involved." *Id.*  "Neither of these considerations is dispositive and instead must be viewed

21   together." *Id.*

22        In the instant case, the Court does not find exceptional circumstances that warrant

23   the appointment of counsel at this time. Plaintiff has not shown that he is likely to succeed

24   on the merits of his case because he failed to state any colorable claims in his Complaint.

25   (*See* ECF No. 5 at 9-10.) In addition, Plaintiff, like many other prisoners, cannot afford to

26   retain private counsel. Finally, Plaintiff states that he has glaucoma in both his eyes, but

27   he does not state the extent to which the glaucoma prevents him from litigating this case.

28   Therefore,  the  Court  does  not  find  exceptional  circumstances  that  warrant  the

1  appointment of counsel and denies the motion for appointment of counsel without

2  prejudice. (ECF No. 7.)

3         While the Court denies Plaintiff's motion, it will extend the deadline to file an

4  amended complaint curing the deficiencies of his Complaint, as outlined in the screening

5  order. (*See generally* ECF No. 5.) Plaintiff must file the amended complaint on or before

6  July 27, 2023. If Plaintiff fails to file an amended complaint curing the deficiencies outlined

7  in the screening order, the Court will dismiss this action without prejudice for failure to

8  state a claim. The Court therefore orders that the Clerk of Court send Plaintiff a courtesy

9  copy of the Complaint (ECF No. 6) and the screening order (ECF No. 5).

10        DATED THIS 27th day of June 2023.

11

12        _____
          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28